IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10390
Conference Calendar
_____

MARCUS TAYLOR,

                                        Plaintiff-Appellant,

versus

CAROL VANCE, Etc.; ET AL.,

                                        Defendants,

NFN KILE, Lieutenant, also known
as NFN Kyle,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:99-CV-7
--------------------
February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Marcus Taylor appeals following an adverse jury verdict on his excessive force claim under 42 U.S.C. § 1983. Proceeding pro se on appeal, Taylor argues that the defendant's witnesses committed perjury. He asks the court to examine certain exhibits, which are said to contradict testimony given by the defendant's witnesses. Taylor argues that the jury was biased

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and that he was denied the appointment of counsel in a conspiracy to ensure that he did not prevail in his claims. He requests that the judgment of the district court be reversed and seeks the appointment of counsel on remand.

Taylor does not argue that the district court erred in refusing to admit his exhibits into evidence, and because the exhibits were not admitted, they are not included in the record transmitted to this court. Because Taylor did not provide a trial transcript, it is impossible to review any exhibits in the context of the testimony adduced at trial. The record contains no indication of jury bias, and Taylor's claim of perjury cannot be addressed in the absence of a transcript.

According his pro se brief a generous reading, Taylor raises the issue of district court error in denying his motion for the appointment of counsel. However, Taylor fails to brief this issue. His brief contains no citation to the record on appeal, no citation to authorities relevant to the appointment of counsel, and no argument regarding the criteria for appointment of counsel for indigent litigants. See Cooper v. Sheriff, Lubbock County, Texas, 929 F.2d 1078, 1084 (5th Cir. 1991). Although this court liberally construes the briefs of pro se litigants, pro se parties must still brief the issues and comply with the standards of Rule 28 of the Federal Rules of Appellate Procedure. See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995); FED. R. APP. P. 28(a)(7) and (9)(A). Because the argument is inadequately briefed, it is deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

As Taylor fails to brief an appealable issue his appeal is DISMISSED as frivolous.  The dismissal of the instant appeal as frivolous counts as a "strike" under the three-strikes provision of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Taylor is hereby cautioned that once he accumulates three strikes he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.