IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11171
Conference Calendar
_____

KAREN NORDELL,

                                      Plaintiff-Appellant,

versus

U.S. BUREAU OF PRISONS;
CARSWELL FEDERAL MEDICAL CENTER,
Lower Level Prison Employees;
AMERICAN VOTERS,

                                      Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-36-Y
--------------------
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

    Karen Nordell, federal prisoner # 19728-009, appeals the

district court's dismissal of her civil action as frivolous

pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(i).  Nordell

does not identify any error in the district court's analysis of

her complaint.  Because she has not identified any error in the

district court's decision, it is the same as if she had not

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appealed that judgment.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

For the first time on appeal, Nordell argues that her psychiatrist, Dr. Pedersen, is forcing her to take psychiatric medication so that she will forget her complaints against former President Bush.  "This court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory."  Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999)(internal quotation marks and citation omitted).

Nordell has not shown that the district court erred in dismissing her action as frivolous and, therefore, her appeal is DISMISSED as frivolous.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.  Nordell is advised that the district court's dismissal of this complaint and the dismissal of this appeal both count as "strikes" under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Nordell is also advised that once she accumulates three strikes, she may not proceed in forma pauperis in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Because Nordell has not shown that exceptional circumstances justify the appointment of appellate counsel, her motion for appointment of counsel is

DENIED.  See Cooper v. Sheriff, Lubbock County, Texas, 929 F.2d 1078, 1084 (5th Cir. 1991).

APPEAL DISMISSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.