United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-10300
Conference Calendar

———————————————

ANDY CASTELLANO, JR.,

Plaintiff-Appellant,

versus

WARDEN TREON; NFN WOLFE, Sergeant;
NFN VILLALOBOS, Sergeant; NFN STEGAL, Sergeant;
THOMAS KIRBY, Sergeant; NFN STREIT, Sergeant,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:03-CV-00013
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Andy Castellano, Jr., Texas prisoner #586286, by moving for

in forma pauperis (IFP) status on appeal, is challenging the

district court's determination that IFP should not be granted on

appeal because his appeal from the district court's dismissal as

frivolous of his 42 U.S.C. § 1983 complaint was not taken in good

faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

In his complaint, Castellano alleged that the defendants were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

deliberately indifferent to his future safety when they effectively labeled him a snitch and failed to protect him against future harm by continually assigning him to units where it was known that he was a snitch.

The district court did not err in dismissing Castellano's complaint as frivolous. Castellano's failure-to-protect claim fails because he concedes that he suffered no actual physical injury resulting from the prison officials' purported failure to protect. See Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999). Castellano's transfer to a different prison unit also rendered moot his claim for injunctive relief. See Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1084 (5th Cir. 1991).

Castellano's appeal from the dismissal of his complaint lacks arguable merit, and the district court did not err in finding that the instant appeal was not taken in good faith. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983)(lack of nonfrivolous issue on appeal precludes finding of "good faith" for purposes of 28 U.S.C. § 1915 and FED. R. APP. P. 24).

Accordingly, Castellano's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The dismissal of Castellano's appeal as frivolous counts as a "strike" for the purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal as frivolous of his 42 U.S.C. § 1983 complaint. See

Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). We caution Castellano that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.