Francisco **GRACIA LEDEZMA,**
**Plaintiff–Appellant**

v.

**UNITED STATES of America; Dr. Vernon Farthing; Lt. Mata; Lt. Morales; P.A. Ethen; Joan Brem; Male Nurse Pete Ramos; Dr. Brenda Owens; Unit Manager Jackie Hernandez; Mary Gonzalez; Luis Gonzalez; Male Nurse Steven Wallace; Reeves County Detention Center, Defendants–Appellees.**

**No. 09–50108**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 18, 2010.

Francisco Gracia Ledezma, Pecos, TX, pro se.

H. Keith Myers, Mounce, Green, Myers, Safi, Paxson & Galatzan, El Paso, TX, Denis Carl Dennis, Rush, Kelly, Morgan, Dennis, Corzine & Hansen, P.C., Odessa, TX, for Defendant–Appellee.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Francisco Gracia Ledezma (Gracia), federal prisoner # 30710–077, has filed a motion for leave to proceed in forma pauperis (IFP) to appeal the district court's judgment granting the defendants' motions to dismiss his civil rights complaint for failure to state a claim upon which relief may be granted. The district court denied Gracia's IFP motions and certified that the appeal was not taken in good faith. By moving for IFP status, Gracia is challenging the district court's certification. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir.1997).

Gracia, a diabetic, contends that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment because they failed to provide him with adequate medical care after he was bitten by a brown recluse spider on May 19, 2005. Specifi-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cally, he argues that the absence of doctors and registered nurses on the weekend of his arrival at the Reeves County Detention Center (RCDC) and Dr. Vernon Farthing's and Nurse Joan Brem's interference with Dr. Cody's prescribed treatment violated his constitutional rights. The district court's grant of a motion to dismiss for failure to state a claim under FED.R.CIV.P. 12(b)(6) is subject to de novo review. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007).

The allegations in Gracia's complaint and more definite statement were insufficient to state a claim of deliberate indifference to his serious medical needs. Although Gracia alleged that there were no doctors or registered nurses available on the weekend of his arrival at the RCDC, he was seen by nurses four hours after his arrival. Further, although Gracia alleged that the nurses ignored his request for emergency medical care, he was given a penicillin shot, a tetanus shot, and a shot to prevent a stomach infection. Gracia was taken to the hospital the following Monday morning, where he was examined and treated by Dr. Cody. Gracia's disagreement with the medical treatment he received upon his arrival at the RCDC is insufficient to state a claim of deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991). Further, Dr. Farthing's failure to follow Dr. Cody's treatment plan did not constitute deliberate indifference to Gracia's serious medical needs. *See Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir.1999). The question whether "additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." *Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Therefore, the district court did not err when it dismissed Gracia's claims related to the medical care he received following his 2005 spider bite.

 Gracia also contends that United States District Judge Robert A. Junell and United States Magistrate Judge B. Dwight Goains were biased against him and violated his constitutional rights. However, his conclusional allegations stemming from the adverse rulings are not sufficient to support a finding of bias. *See Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

Aside from conclusional allegations, Gracia does not challenge the district court's determination that his allegations were insufficient to state a claim of deliberate indifference against Lt. Mata, Lt. Morales, P.A. Ethen, Nurse Pete Ramos, Dr. Brenda Owens, Unit Manager Jackie Hernandez, Case Manager Mary Gonzalez, Medical Administrator Luis Gonzalez, and Nurse Steven Wallace. He also does not challenge the district court's dismissal of his habeas corpus claims against the United States of America and former United States Attorney General Alberto Gonzalez, or his denial of access to the courts claim against Hernandez. Therefore, these claims are deemed abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir.1987).

Further, this court will not consider Gracia's newly raised allegations regarding events that occurred subsequent to the district court's dismissal of his case. *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n. 26 (5th Cir.1999); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir.1999).

[3] Finally, Gracia contends that the RCDC and its staff violated his constitutional rights by failing to treat his serious vision problems and that Dr. Subia performed eye surgery on him without his consent. Gracia's complaint was filed on May 11, 2007, in the Fort Worth Division of the Northern District of Texas, Case No. 4:07–CV–00284. On January 14, 2008,

the case was transferred to the Pecos Division of the Western District of Texas, Case No. 4:08–CV–007. Although Gracia raised these claims in several documents filed prior to the transfer order and prior to any responsive pleading or FED.R.CIV.P. 12(b) motion, these documents were not included in the record in Case No. 4:08–CV–007. Consequently, the district court did not consider the claims raised in these filings or determine whether the filings should have been construed liberally as requests to amend the complaint. *See* FED.R.CIV.P. 15(a)(1); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir.1991). Gracia also referred to the alleged violation of his constitutional rights in conjunction with his vision problems and the treatment by Dr. Subia in several filings filed after the defendants filed responsive pleadings. The district court did not consider the claims raised therein or liberally construe the filings as requests to amend the complaint.

In light of the foregoing, the district court's certification that Gracia's appeal was not taken in good faith is erroneous in part. Whether the facts ultimately establish a deliberate indifference claim related to Gracia's vision problems is not a question to be answered at this stage of the proceedings. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983). Accordingly, Gracia's motion to proceed IFP on appeal is granted. The district court's judgment is vacated in part and remanded for further proceedings on Gracia's claims related to his vision problems. The district court's judgment is affirmed with respect to all other claims.

IFP MOTION GRANTED; JUDGMENT AFFIRMED IN PART, VACATED AND REMANDED IN PART.