# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2010

No. 10-10054
Summary Calendar

Lyle W. Cayce
Clerk

WARREN EDWARD BLACK,

Plaintiff-Appellant

v.

RISSIE OWENS, Chairperson Parole Board; MICHAEL ADAMS, Hearing Officer; MARESHEI DELANEY, Supervisor Parole Officer,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-1445

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Warren Edward Black, Texas prisoner # 248326, seeks leave to proceed in forma pauperis (IFP) on appeal of the district court's dismissal of his civil action as frivolous and for failure to state a claim upon which relief can be granted. By moving for leave to proceed IFP, Black is challenging the district court's certification that his appeal is not taken in good faith because it is frivolous. *See*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10054

*Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

Black argues that he has a constitutional right to appeal IFP. He also argues the merits of his substantive claims that his constitutional rights were violated because he was not appointed counsel for his parole revocation hearing. He seeks appointment of counsel on appeal.

There is no constitutional right to proceed in a civil action without paying the proper filing fee; the ability to proceed IFP is a privilege that may be extended or withdrawn. *Norton v. Dimazana*, 122 F.3d 286, 290 (5th Cir. 1997). While Black argues the merits of his substantive claims, he does not address the reasoning behind the district court's dismissal, that his claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As Black does not address the district court's rationale for dismissing his § 1983 action, he has waived any challenge he could bring to the dismissal of his § 1983 action. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Black's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The IFP motion is denied, and the appeal is dismissed. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2. Black's motion for appointment of counsel is also denied. *See Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

Black is cautioned that the dismissal of this appeal as frivolous and the district court's dismissal of the complaint both count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). He is cautioned that if he accumulates three strikes under § 1915(g), he will be unable to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.