# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 5, 2011

Lyle W. Cayce
Clerk

No. 10-31270
Summary Calendar

JOHN H. JONES,

                    Plaintiff - Appellant

v.

WEST BATON ROUGE PARISH; WEST BATON ROUGE PARISH SHERIFF'S
DEPARTMENT,

                    Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CV-411

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

John H. Jones, Louisiana prisoner # 313554, seeks leave to proceed in

forma pauperis (IFP) on appeal of the district court's dismissal of his 42 U.S.C.

§ 1983 complaint as frivolous.   He also seeks appointment of counsel on appeal.

By moving for leave to proceed IFP, Jones is challenging the district court's

certification that his appeal is not taken in good faith because it is frivolous.  *See*

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

No. 10-31270

*Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(5).

Jones does not appeal the district court's dismissal of the West Baton Rouge Parish Sheriff's Department as a defendant. Rather, Jones argues that his appeal is taken in good faith and the district court should have dismissed his complaint only in part, not as to West Baton Rouge Parish, because the parish is considered an individual capable of being sued under Section 1983. The district court, however, dismissed Jones's claims against West Baton Rouge Parish because Jones had failed to allege any facts against the parish which rose to the level of a constitutional violation, not because the parish is incapable of being sued. As Jones does not address the district court's rationale for dismissing his Section 1983 action, he has waived any challenge he could bring to the dismissal of his Section 1983 action. *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Jones's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the IFP motion is denied, and the appeal is dismissed. *See Baugh*, 117 F.3d at 202; 5th Cir. R. 42.2. Jones's motion for appointment of counsel is also denied. *See Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

Jones is cautioned that the dismissal of this appeal as frivolous and the district court's dismissal of the complaint both count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). He is cautioned that if he accumulates three strikes under Section 1915(g), he will be unable to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.