# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31225

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2014

Lyle W. Cayce
Clerk

JOHN H. JONES,

Plaintiff–Appellant,

versus

CHAD MENZINA, Assistant Warden; PERRY DIXON, Major; NATHANIEL JOHNSON, Lieutenant; TIM NEWBY, Sergeant,

Defendants–Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-182

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

John Jones, Louisiana prisoner # 313554, moves for leave to proceed *in forma pauperis* ("IFP") in his appeal of the dismissal, as legally frivolous and for failure to state a claim upon which relief may be granted, of his 42 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31225

§ 1983 complaint.  By moving for IFP status, Jones is challenging the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a).  Jones's brief on appeal makes only a conclusionary assertion that his claims have merit and does not address the district court's reasons for its certification, which included thorough consideration of his claims by way of adoption of the magistrate judge's report and recommendation.  *See Baugh*, 117 F.3d at 202.  Accordingly, Jones's challenge to the certification is deemed abandoned.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Jones has not shown that his appeal involves "legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  Therefore, the motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of the complaint as frivolous in the district court and the dismissal of the appeal count as strikes pursuant to 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996).  Jones previously accrued two strikes.  *See Jones v. West Baton Rouge Parish*, 436 F. App'x 319, 320 (5th Cir. 2011).  Because he has now accumulated four strikes, he is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is "under imminent danger of serious physical injury."  § 1915(g).  We caution Jones that any additional frivolous appeals will invite the imposition of sanctions.

2