# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 14, 2011

Lyle W. Cayce
Clerk

No. 10-11113
Summary Calendar

CHRISTOPHER LEE SMITH,

Plaintiff-Appellant

v.

STEVEN MILHAUSER, Physician Assistant; GEORGE ALLEN, Complaints
Coordinator, Montford Unit; CHRISTOPHER TREVINO, Therapist, Montford
Unit; DANA BUTLER, M.D., Physician, Montford Unit,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:10-CV-56

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Christopher Lee Smith, Texas prisoner # 855314, seeks leave to proceed
in forma pauperis (IFP) to appeal the district court's dismissal of his 42 U.S.C.
§ 1983 complaint as factually and legally frivolous. By moving for leave to
proceed IFP, Smith is challenging the district court's certification that his appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

is not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

Smith argues that the repeated rescheduling of a follow-up medical appointment and the failure to provide physical therapy as prescribed show that the defendants were deliberately indifferent to his medical needs. "Deliberate indifference is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and footnote omitted). To prevail on such a claim, the plaintiff must establish that a defendant denied him treatment, purposefully gave him improper treatment, ignored his medical complaints, "or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (internal quotations marks and footnote omitted). A delay in medical care violates the Eighth Amendment only if it is due to deliberate indifference and results in substantial harm. *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993). As the district court found, Smith's allegations and the medical records do not show that any defendant was deliberately indifferent to his serious medical needs.

Smith's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The IFP motion is denied, and the appeal is dismissed. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2. Smith's motion for appointment of counsel also is denied. *See Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

Smith is cautioned that the dismissal of this appeal as frivolous counts as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). He is cautioned that if he accumulates three strikes under § 1915(g), he will be unable to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.