**Alvin Ray COOPER,
Plaintiff–Appellant,**

v.

**SHERIFF, LUBBOCK COUNTY, TEXAS, et al., Defendants–Appellees.**

**No. 90–1689
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 30, 1991.

Alvin Ray Cooper, Amarillo, Tex., pro se.

Charlotte Bingham, Asst. Crim. Dist. Atty., Lubbock, Tex., for defendants-appellees.

Before JOHNSON, SMITH and WIENER, Circuit Judges.

PER CURIAM:

Plaintiff–Appellant, Alvin Ray Cooper, a state prisoner, sued officials of the county jail in Lubbock County, Texas, pursuant to Section 1983 of Title 42 of the United States Code, claiming, inter alia, an uncon-

stitutional deprivation of food and seeking, inter alia, injunctive relief from such deprivation in the future. Finding that the district court erred in dismissing Cooper's suit, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted, we vacate and remand for further disposition.

## I.

## FACTS AND PROCEDURAL HISTORY

Cooper filed this civil rights suit against various Lubbock County jail officials. He originally alleged that the defendants were denying him food. He specifically asserted that he was denied food on December 30, 1989, and again for five consecutive days from January 10, 1990, through January 15, 1990, the day he signed his complaint. He also alleged that the jail staff had already stated that he would not be fed on January 16, 1990. Cooper sought compensatory and punitive damages, a temporary restraining order, and a permanent injunction.

The defendants answered by stating that jail policy required that all inmates dress fully for all meals. They further claimed that "[i]f an inmate is not fully dressed and refuses to fully dress for a meal, he voluntarily rejects the meal." They alleged that food was, thus, always available to Cooper but that his "failure to eat was due to his own voluntary refusal to fully dress during meals."

Individual defendants Sheriff Keesee and jail administrator Addington also asserted that they have qualified immunity for their actions and that Cooper had failed to allege any facts that overcame this immunity.

The magistrate judge concluded that Cooper's complaint alleged at worst that the defendants had acted negligently toward Cooper. The magistrate judge found that the complaint also failed to state whether Cooper was a pretrial detainee or a convicted prisoner. The magistrate judge gave Cooper thirty days to file an amended complaint. He also advised Cooper of the heightened pleading requirement that the immunity defense imposed.

■ After obtaining an extension of time, Cooper filed an amended complaint. In it, he alleged that the defendants had refused him food for thirteen days, ending on January 21st, twelve of which days had been consecutive. During at least some of those days Cooper had been housed in solitary confinement. He further asserted that the defendants knew, or should have known, that their conduct subjected Cooper to "cruel and unusual punishment" in violation of the eighth and fourteenth amendments to the United States Constitution.[1] By this time, as his return address evidences, Cooper was no longer housed in the Lubbock County jail. He did not repeat his original request for various forms of equitable relief.

The defendants' new answer claimed that Cooper's amended complaint still failed to plead sufficient facts to overcome their qualified immunity. Their answer also pointed out that Cooper's amended complaint named as defendants four county commissioners[2] who were not parties to this suit. In his reply, Cooper conceded that he had refused to dress fully before meals. He asserted, however, that the "defendants made on the spot disciplinary measures by refusing to allow the plaintiff to receive his meals."

■ Under the liberal construction given to pro se pleadings, the magistrate judge should have construed Cooper's reply to the defendant's new answer as a motion to amend the complaint. *See McGruder v. Phelps,* 608 F.2d 1023, 1025 (5th Cir.1979). Nothing in the record suggests that Cooper delayed in clarifying his complaint because of bad faith or other "dilatory motive."

---

1. Cooper also alleged that the defendants denied him access to the courts by confiscating and then refusing to return his "writing material, legal correspondence as well as all of plaintiff's property." As he does not raise this issue on appeal, he has abandoned the claim.

2. The amended complaint named County Commissioners Carpenter, Biggs, Solis, and Brazell as defendants. These individuals have never been served in this case.

*See Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 (5th Cir.1981). Thus, the court should have granted Cooper's motion to amend. Cooper's complaint, then, is that the defendants punished him without due process of law and that the form of punishment violated the eighth amendment.

The magistrate judge filed a report recommending that Cooper's suit be dismissed under Fed.R.Civ.P. 12(b)(6). The magistrate judge found that the defendants' "refusal to feed [Cooper] under the jail regulations was due to his own obstinacy in refusing to conform to the jail regulations." He further found that Cooper had failed to allege that he had suffered any harm as a result of this lack of food. Concerning the qualified immunity defense, the magistrate concluded that Cooper's allegations "do not state a claim showing a violation of clearly established law."

Before the district court adopted the magistrate judge's recommendation, Cooper filed a "notice of appeal" in which, *inter alia,* he again argued that punishment may not deprive a prisoner of the "necessities of life." He also stated that the defendants knew, or should have known, that their actions violated this "undisputable" law. Cooper also alleged a specific physical harm—a "substantial weight loss," which prison medical records would verify.

The district court treated Cooper's "notice" as his objections to the magistrate judge's report. The court then adopted the magistrate judge's opinion as its own and, pursuant to Rule 12(b)(6), dismissed, without prejudice, Cooper's complaint for failure to state a claim.

■ This court received a letter from Cooper indicating his intent to appeal. We treat that letter as a timely notice of appeal. *See Incas & Monterey Printing & Packaging, Ltd. v. M/V SANG JIN,* 747 F.2d 958, 963 n. 15 (5th Cir.1984), *cert. denied,* 471 U.S. 1117, 105 S.Ct. 2361, 86 L.Ed.2d 261 (1985); Fed.R.App.P. 4(a)(1). In his brief, Cooper also asks this court to appoint counsel because he suffers "such mental anguish" that he is unable to "attend to the matters of this case."

## II.

## STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) dismissal, this court accepts "all well pleaded averments as true and view[s] them in the light most favorable to the plaintiff." *Rankin v. City of Wichita Falls,* 762 F.2d 444, 446 (5th Cir.1985). We do not uphold the dismissal " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

## III.

## ANALYSIS

### A. *Meals & Dress Requirement*

■ Given Cooper's admissions, the district court could properly assume that Cooper's "obstinacy"—his failure to dress fully before meals—was the immediate cause of his lack of food. The magistrate judge's conclusion that Cooper failed to allege that he "suffered ... nutritional harm or other problems" was, however, incorrect. In fact, Cooper alleged harm by stating that he had suffered "substantial weight loss." As outlined above, his complaint also alleged that the defendants' conduct violated his due process rights by inflicting a punishment upon him without due process of law; and that the continual deprivation of food he suffered was "cruel and unusual" punishment. Neither the magistrate judge nor the district court addressed these claims of harm.

■ The defendants argue that their conduct does not violate the Constitution, because they merely followed prison regulations that required Cooper to be dressed fully before his meals could be served. The defendants claim that the regulation preconditions meals on a dress requirement. They do not deny Cooper's allegation that he went without food for the number of days alleged, but they characterize Cooper's failure to dress properly for

meals as a "voluntary reject[ion]" of those meals. Although Cooper agrees that prison regulations required him to dress for meals, he asserts that the regulations do not specify what consequences would follow from his failure to comply. He asserts that the jail guards made an "on the spot disciplinary decision" by refusing to feed him. Despite this disagreement concerning the interpretation of the regulation at issue, no copy of this regulation appears in the record. Dismissal was, therefore, premature because the present record is inadequate to support the district court's implicit conclusion that the defendants acted within the regulation's authority.

▮▮▮▮ Even if the regulation required the defendants to respond as they did, a dismissal of Cooper's complaint does not necessarily follow. The mere existence of such a regulation is not an automatic shield against a civil rights suit. *See, e.g., Gates v. Collier*, 501 F.2d 1291, 1304–06 (5th Cir. 1974) (permitting use of prison's "dark hole" only if conditions exceeding state's statutory requirements are met). Complaints against the enforcement of prison regulations which deny a prisoner some privilege may, in the proper circumstances, be dismissed as frivolous. *See, e.g., Felix v. Rolan*, 833 F.2d 517, 518–19 (5th Cir. 1987) (state can reasonably deny privileges such as access to prison law library because prisoner refuses to use his "committed name" as an alias for prison identification purposes). Whether, however, a prisoner's meals constitute a like "privilege" is questionable.

▮▮▮ Also, the magistrate judge erred when, citing *Beck v. Lynaugh*, 842 F.2d 759, 761 (5th Cir.1988), he held that because there was "no evidence this harm [Cooper's lack of food] was caused maliciously or deliberately by responsible people," Cooper had failed to state a sufficient claim. The court in *Beck*, on the contrary, specifically rejected the "caused maliciously or deliberately" standard. It reiterated that the traditional eighth amendment standard—whether the infliction of pain was "unnecessary and wanton"—applied. *Id.*

(citing *Foulds v. Corley*, 833 F.2d 52, 54–55 (5th Cir.1987)).

▮▮▮ Because depriving a prisoner of adequate food is a form of corporal punishment, the eighth amendment imposes limits on prison officials' power to so deprive a prisoner. *See, e.g., Gates*, 501 F.2d at 1301–03, 1306 (discussing cruel and unusual analysis and noting that deprivation of adequate food is a form of corporal punishment); *Cunningham v. Jones*, 567 F.2d 653, 656–57 (6th Cir.1977). A facially permissible form of punishment may, for example, through continual use inflict cruel and unusual punishment. *See Dearman v. Woodson*, 429 F.2d 1288, 1289 (10th Cir. 1970) (allegation that prison officials refused to provide prisoner food for 50½ hours states cause of action under 42 U.S.C. § 1983). Thus, Cooper's assertion that he was continuously deprived of food presents a set of facts that may entitle him to relief.

▮▮▮ Cooper also claims that the defendants punished him by denying him food without due process. The level of process due a prisoner depends in part on the severity of the sanction to be imposed and the needs of the institution. *See Hewitt v. Helms*, 459 U.S. 460, 473–77, 103 S.Ct. 864, 872–74, 74 L.Ed.2d 675 (1983); *Dzana v. Foti*, 829 F.2d 558, 561 (5th Cir.1987). Even though the due process standards in *Wolff v. McDonnell*, 418 U.S. 539, 570, 94 S.Ct. 2963, 2981, 41 L.Ed.2d 935 (1974), do not apply to all prison disciplinary proceedings, the less restrictive procedural protections of *Hewitt* do apply to most prison punishment. Such protections require that a prisoner receive "some notice of the charges against him and a opportunity to present his views to the prison official[s]...." *See Hewitt*, 459 U.S. at 476, 103 S.Ct. at 873. Cooper alleged that he was summarily punished and so lacked all notice or opportunity to state his views.

▮▮▮ As the Eleventh Circuit has observed, "[d]eciding whether an institution's action involves enforcement of a restriction or punishment ... requires that [the court] examine the officials' actions." *Solomon v. Zant*, 888 F.2d 1579, 1582 (11th Cir.1989)

(denying a prisoner food is, the court also notes, a punishment requiring compliance with due process). In the present case, the district court conducted no such examination. Such an analysis requires the court to look at the regulation to determine whether the officials acted within the scope of the regulation and whether the regulation was valid. *Id.* If the defendants' conduct falls within the scope of a valid regulation, such conduct "is not punishment for the purposes of an inmate's right to due process. If, on the other hand, the action exceeds the scope of a valid governmental regulation, it is punishment which cannot be imposed without due process." *Id.* Again, as no copy of the regulation was made part of this record, the summary dismissal of Cooper's claim was premature.

## B. *Qualified Immunity*

 The district court's qualified immunity analysis was at best premature. Cooper satisfied his obligation to allege sufficient facts in his complaint to overcome the presumption of immunity. *See Elliott v. Perez,* 751 F.2d 1472, 1478–82 (5th Cir. 1985). He did so by challenging the scope of the regulation that the defendants claim they were enforcing and by raising his due process claim.

 Further, if at all times relevant to Cooper's charges, the defendants were acting within the scope of their authority and in their official capacity, the burden would be on Cooper to show that the defendants "violated clearly settled law of which a reasonable person would know." *See Whatley v. Philo,* 817 F.2d 19, 20 (5th Cir.1987) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 813, 102 S.Ct. 2727, 2735, 73 L.Ed.2d 396 (1982)). First, Cooper claims that the defendants had acted outside the scope of their authority because neither the regulation nor the eighth amendment permitted the type of punishment they had imposed. Second, an official has no immunity when "the contours of the right [violated] were so clear at the time the officials acted that a reasonable official would have understood that what he was doing violated that right." *Brawner v. City of Richard-*

*son,* 855 F.2d 187, 192 (5th Cir.1988) (citing *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987)). This circuit has long held that state prisoners are entitled to reasonably adequate food. *See, e.g., Green v. McKaskle,* 788 F.2d 1116, 1125 (5th Cir.1986); *Newman v. Alabama,* 559 F.2d 283, 291 (5th Cir.1977), *rev'd in part,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978).

## C. *Injunctive Relief*

 On appeal, Cooper also contends that the district court erred by failing to rule on the request in his original complaint for equitable relief. By the time Cooper filed his amended complaint, he was no longer held in the Lubbock County jail. Thus, even if Cooper's failure to raise these claims in his amended complaint or other pleadings does not waive this issue, his transfer to another prison has rendered moot these claims for relief. *See, e.g., Beck,* 842 F.2d at 762 (injunctive relief moot).

## D. *Appointment of Counsel*

 This court may appoint counsel in civil rights suits presenting "exceptional circumstances." *See Ulmer v. Chancellor,* 691 F.2d 209, 212, 213 (5th Cir.1982). We base a decision to appoint counsel on many factors, including the type and complexity of the case; the petitioner's ability adequately to present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in a just determination." *Id.* at 213 (citations omitted). Cooper's assertion that his "mental anguish" prevents his attending to this suit plainly does not satisfy the "exceptional circumstances" requirement set out in *Ulmer.* Therefore, his motion for appointment of counsel is denied.

Without stating or implying any opinion as to the ultimate merits of Cooper's case, we find that his complaint as amended by

other pleadings presents sufficient facts upon which relief could be granted. Therefore, the district court's judgment dismissing Cooper's suit is VACATED and the case REMANDED for further consideration consistent with this opinion.