**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-10900
Summary Calendar

FREDDIE MONROE PICKETT

Plaintiff-Appellant

v.

J C SLAWSON; H ABDAL KHALLAQ; Officer G GIBSON; S BROWN; T
SPIGNER; HEAD OFFICER PAROLE DIVISION; PAMELA WEBB

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-67

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Freddie Monroe Pickett, Texas prisoner # 1445772, appeals the dismissal
of his 42 U.S.C. § 1983 complaint filed in 2007. The district court determined
that Pickett's complaint, challenging the 2004 revocation of his parole, was
barred by the two-year statute of limitations. Accordingly, it dismissed the
complaint pursuant to 28 U.S.C. § 1915A(b)(1), or alternatively Sections
1915(e)(2)(B)(i) and (ii).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Pickett has not adequately briefed any challenge to the determination that his complaint was time barred and, thus, has abandoned the sole issue for appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Pickett's appeal is without arguable merit and is DISMISSED as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal and the dismissal of this appeal count as two strikes for purposes of Section 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Pickett is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Pickett has not established that his appeal presents the sort of exceptional circumstances warranting the appointment of counsel. *See Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991). Accordingly, his motion for appointment of appellate counsel is DENIED. Because Pickett has filed a brief, his motion for an extension of time to file a brief is DENIED.