**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-31177
Summary Calendar

MORRIS C. LARD,

Plaintiff-Appellant,

versus

STEVEN HOYLE REHABILITATION CENTER; NURSE WILLIAMS;
SERGEANT CHASE; NURSE FOUNTAIN; NURSE CLARK;
SING SONG, Doctor; CAPTAIN LEE,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
No. 3:08-CV-1012

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Morris Lard, Louisiana prisoner # 095296, filed a 42 U.S.C. § 1983 action against prison and medical personnel alleging various negligent and intentional acts that caused him to suffer a stroke, heat exhaustion, gangrene, hearing loss, and the loss of commissary privileges. The district court dismissed the suit as frivolous and for failure to state a claim. The court denied Lard's motion for leave to proceed *in forma pauperis* ("IFP") on appeal, certifying that the appeal was not taken in good faith. Lard seeks this court's leave to proceed IFP and appointment of counsel.

Lard does not discuss the issues that will be raised in his appeal or challenge the determination that his complaint is frivolous. Because he fails to show that his appeal "involves legal points arguable on their merits (and therefore not frivolous)," the motion for leave to proceed IFP is DENIED. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks omitted); *see also Grant v. Cuellar*, 59 F.3d 523, 524-25 & n.2 (5th Cir. 1995) (stating that even a *pro se* brief must include argument in support of relief sought). The appeal is DISMISSED as frivolous. 5TH CIR. R. 42.2 .

Lard asserts that we should appoint counsel because he is legally blind. The claims in Lard's complaint are straightforward and uncomplicated, and he fails to explain how his blindness has impeded his legal efforts, if at all. The motion for appointment of counsel is DENIED. *See Cooper v. Sheriff*, 929 F.2d 1078, 1084 (5th Cir. 1991) (stating that counsel can be appointed in exceptional circumstances).