# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2010

No. 10-10121
Summary Calendar

Lyle W. Cayce
Clerk

JAMES LEE BYRD,

Plaintiff-Appellant

v.

JOHN H. ADAMS, Senior Warden; JAMIE L. BAKER, Assistant Warden; DHIRAJLAL PATEL, Correctional Physician,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:09-CV-312

Before KING, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

James Lee Byrd, Texas prisoner # 1260737, filed a civil rights complaint alleging cruel and unusual punishment and deliberate indifference to his serious medical needs. The complaint stems from a prison policy restricting high security inmates to one roll of toilet paper per week. Byrd developed hemorrhoids and peeling skin as a result of resorting to the use of writing paper, newspaper, and cloth as substitutes for toilet paper. The district court dismissed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his claims as frivolous and for failure to state a claim, citing 28 U.S.C. §§ 1915(e)(2) and 1915A. Byrd filed a timely notice of appeal.

We grant Byrd's request for leave to file a corrected brief in this court. Byrd contends that the district court erred in determining that his claims were frivolous or failed to state a claim without first serving his complaint on the defendants and hearing an answer from them. A district court, however, may dismiss a prisoner's in forma pauperis (IFP) action whenever it properly determines that the action is frivolous or fails to state a claim, even prior to service of process. *See* §§ 1915(e)(2) & 1915A. He also contends that the district court erred in denying his postjudgment motion to amend his complaint. Because Byrd's motion to amend contained facts and arguments that he raised in his objections to the magistrate judge's report and recommendation and that were addressed before the court's judgment of dismissal, he has not shown that the district court abused its discretion in denying his motion. *See Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 865 (5th Cir. 2003); *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000). Byrd's appeal does not present extraordinary circumstances that would warrant the appointment of counsel. *See Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1085 (5th Cir. 1991). Accordingly, his motion for the appointment of counsel is denied.

The judgment of the district court is affirmed. The district court's dismissal of Byrd's complaint counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Byrd is warned that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).

JUDGMENT AFFIRMED; MOTION TO FILE CORRECTED BRIEF GRANTED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.