# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 18, 2011

No. 10-10428
Summary Calendar

Lyle W. Cayce
Clerk

ANTHONY J. BRODZKI,

Plaintiff-Appellant

v.

NORTH RICHLAND HILLS POLICE DEPARTMENT,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-539

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Anthony J. Brodzki filed in the district court a complaint under 42 U.S.C.
§ 1983 alleging that he was traumatized when he peered into a window at the
defendant police department's building and witnessed on a computer screen
images of himself being molested as a child.  Brodzki was granted leave to
proceed in forma pauperis.  After finding that Brodzki had pleaded his best case,
the district court dismissed the complaint as legally frivolous pursuant to 28
U.S.C. § 1915(e)(2)(B)(i).  We review the dismissal of a claim as frivolous under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 1915(e)(2) for an abuse of discretion. *Black v. Warren,* 134 F.3d 732, 733-34 (5th Cir. 1998).

Brodzki argues that the district court erred in finding that his allegations bordered on factual frivolity. Brodzki does not attack the district court's conclusions that his allegations supported no plausible claim against anyone and that no viable claim based on his allegations could be brought in an amended complaint. Failure to identify any error in the district court's analysis is the same as if the appellant had not appealed the judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Moreover, there is no constitutional right to be free from negligent infliction of emotional distress. *Grandstaff v. City of Borger, Tex.*, 767 F.2d 161, 172 (5th Cir. 1985). Brodzki has not demonstrated that the district court's dismissal of his complaint as legally frivolous was an abuse of discretion. Brodzki has also not demonstrated that his appeal presents "exceptional circumstances" to support his motion for appointment of counsel. *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

The judgment of the district court is AFFIRMED, and Brodzki's motion for appointment of counsel is DENIED.