# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2011

No. 11-50474
Summary Calendar

Lyle W. Cayce
Clerk

EDWARD DESHAN SMITH,

Plaintiff-Appellant

v.

LONESTAR CONSTRUCTION, INCORPORATED; AMERIGROUP COMMUNITY CARE; TEXAS DEPARTMENT OF AGING AND DISABILITY SERVICES, Texas Home Living (TxHmL) Program Service Definitions and Billing Guidelines; LARRY MOORE LOCKE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
No. A-11-CA-149-SS

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In February 2011, Edward Deshan Smith filed a lawsuit alleging various constitutional and statutory violations. After accepting the magistrate judge's recommendation, the district court dismissed his *pro se* complaint. Finding no error in the district court's judgment, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50474

## I.

The Texas Department of Aging and Disability Services funds minor home physical modifications when necessary to address an individual's specific needs. These modifications are performed to ensure the health, welfare, and safety of the individual, or to enable the individual to function with greater independence in the home. Examples of modifications include the installation of ramps and the widening of doorways.

Smith is a paraplegic who also suffers from mental health problems. At one point, he lived in a nursing home. After an unspecified amount of time at the nursing home, Smith moved in with his uncle. In November 2010, he alleges that Lonestar Construction performed some work on his uncle's home that was funded by the Texas Department of Aging and Disability Services. According to Smith, Lonestar's workers did a poor job with some plumbing work that was performed. Smith also alleges that they performed similarly shoddy work on other repairs that were done. Taken together, Smith avers that these poorly performed repairs have rendered his uncle's home a safety hazard.

On February 28, 2011, Smith filed suit in federal court. In his *pro se* complaint, Smith alleged that the work performed by Lonestar violated his constitutional and statutory rights. On May 16, 2011, the district court, after accepting the magistrate judge's recommendation, dismissed Smith's complaint in this action along with three other pending lawsuits. In light of "Smith's deluge of frivolous filings," the district court also ordered the Clerk's Office not to open any new cases filed by or on behalf of Smith. Smith then filed a timely notice of appeal.

## II.

On appeal, Smith continues to argue that the poor job performed by Lonestar violated his constitutional and statutory rights. He fails, however, to

set forth reasons why the district court's judgment was incorrect.  Given this extremely undeveloped presentation, we conclude that any arguments attacking the district court's judgment have been abandoned on appeal.  *See Dardar v. Lafourache Realty Co., Inc.*, 985 F.2d 824, 831 (5th Cir. 1993) ("Questions posed for appellate review but inadequately briefed are considered abandoned.") (citations omitted).  While we "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (citation omitted).  Further, Smith has not shown that exceptional circumstances exist that would warrant appointment of appellate counsel.  *See Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

## III.

Finding no error in the district court's judgment, we AFFIRM.  All pending motions are DENIED.