# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 20, 2012

No. 11-40309
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT TROY MCCLURE,

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE CORRECTIONS DEPARTMENT; WARDEN DAVID HUDSON; WARDEN JEFFERY CALFEE; MRS. CHEQUITA DUNBAR; MRS. TORI SCOTT, Food Service Manager Captain; SERGEANT KELLY MAY, Safe Prison Department,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:10-CV-66

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Robert Troy McClure, Texas prisoner # 1420457, appeals the district court's grant of summary judgment to the defendants on grounds of qualified immunity. Because this case is not particularly complex, and McClure has not shown himself incapable of presenting his appeal, his motion for appointment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of appellate counsel is DENIED.  *See Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

Generally, we review a grant of summary judgment de novo.  *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).  However, because McClure did not file specific objections to the MJ's report and recommendations, despite being warned, we review the factual findings and legal conclusions accepted by the district court for plain error.  *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc); FED. R. CIV. P. 72(b)(2) (requiring specific objections).  To show plain error, McClure must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).  Even if he makes such a showing, we have the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citation omitted).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  However, "[a] qualified immunity defense alters the usual summary judgment burden of proof."  *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2932 (2011).  While the defendant official must initially assert the defense, "[o]nce the defendant has done so the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law."  *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001).

When qualified immunity is raised as a defense, the threshold question is "whether, taking the facts in the light most favorable to the plaintiff, the officer's alleged conduct violated a constitutional right."  *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 410 (5th Cir. 2009).  Whether the evidence supports the conclusion that a constitutional right was violated is a legal question.  *Hampton Co. Nat.*

*Sur., LLC v. Tunica County, Miss.*, 543 F.3d 221, 225 (5th Cir. 2008). If the court determines that there was a constitutional violation, the court moves to the second step, which involves "determining whether the law was sufficiently clear that a reasonable officer would have known that his conduct violated the constitution." *Lytle*, 560 F.3d at 410. We have the discretion to decide which prong of the qualified immunity analysis will be addressed first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The summary judgment evidence does not show that any prison officials denied or deprived McClure of a mattress. It shows that, to the extent McClure had no mattress, it was because he did not like the quality of the one offered to him, not because the prison refused to provide him with a mattress. Accordingly, there was no constitutional violation.

McClure argues that Warden Hudson knowingly forced him to live with mentally ill, deranged prisoners who are housed, untreated, in administrative segregation. McClure makes no argument and points to no summary judgment evidence showing that Warden Hudson knew of the conditions about which McClure complains or that he deliberately disregarded an excessive risk to human health or safety. *See Farmer v.* Brennan, 511 U.S. 825, 837 (1994) (explaining that the official must know of the risk of harm and disregard the risk). McClure's argument that Hudson should have known of the conditions does not rise to the level of a constitutional violation. *See id.* at 838.

The magistrate judge (MJ) did not address the denial of access to courts issue that McClure raises on appeal--that defendant Dunbar denied him access to the courts when she denied him the legal assistance of jailhouse lawyers that he needed to file with the "federal court" a "petition of actual innocence." Because McClure does make any argument that the district court failed to address this claim, he has abandoned such argument. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Additionally, because he could have

raised this failure to address in his objections to the MJ's report, but did not, any review would be for plain error. *See Douglass*, 79 F.3d at 1428-29. The summary judgment evidence, specifically, his grievances show that McClure requested a visit with inmate Pate to appeal to the U.S. Supreme Court. As the defendant's argued, McClure's claim that the denial of the legal visit prevented him from filing a freestanding actual innocence petition is unexhausted. *See* 42 U.S.C. § 1997e(a) (requiring exhaustion of administrative remedies); *see also Woodford v. Ngo*, 548 U.S. 81, 101 (2006) (noting that exhaustion is mandatory but not jurisdictional). Accordingly, McClure cannot show that the district court plainly erred by not addressing this claim.

McClure contends that defendants Calfee and May knew that his life was in danger from prison gang members but, acting out of malice or deliberate indifference, they refused to transfer him to another prison and, instead, moved him with in the Teleford Unit. The summary judgment evidence shows that McClure's claims that he was threatened were investigated and that the Unit Classification Committee found insufficient evidence to transfer him. This evidence does not show that Calfee or May acted with deliberate indifference to alleged threats against McClure. *See Farmer*, 511 U.S. at 837-38.

To the extent McClure alleged that he was not fed according to the prison's policy or that defendant Scott otherwise violated policy by feeding prison employees better than inmates, these allegations failed to establish a constitutional violation. *See Samford v. Dretke*, 562 F.3d 674, 681 (5th Cir. 2009). His detailed list of foods shows that he was not deprived of any meals and that he was served a protein, vegetables and/or fruit, bread, and a beverage with almost every meal. Even if McClure lost weight while he was in administrative segregation (ad-seg), the medical records do not indicate that any weight loss was due to an insufficient caloric intake, malnutrition, or a vitamin deficiency. McClure's summary judgment evidence failed to establish that the portions sizes or calories he was served daily were so inadequate as to deny him the "minimal

civilized measure of life's necessities."   *See Farmer*, 511 U.S. at 834. Additionally, McClure provided no summary judgment evidence to support his claim that he was fed half-portions as punishment for being in ad-seg or that such portions were so inadequate that they amounted to a "deprivation of food constitut[ing] cruel and unusual punishment."   *See id.*   He also submitted no evidence showing that the allegedly unsanitary treatment of the serving trays caused him to become ill or was so disgusting as to amount to cruel and unusual punishment.   *See id.*   Thus, the district court did not err in concluding that McClure had not shown by competent summary judgment evidence that he was being denied "the minimal civilized measure of life's necessities."   *See id.*

The district court's judgment is AFFIRMED.