# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 28, 2012

No. 11-40617
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT L. BROWN,

Plaintiff—Appellant,

v.

SHAMEKA JONES, Correctional Officer,

Defendant—Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:09-CV-257

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Robert L. Brown, Texas prisoner # 877851, appeals the district court's order granting summary judgment in favor of Shameka Jones, a correctional officer, in his 42 U.S.C. § 1983 action. Brown argues that the district court erred in granting summary judgment on Jones's assertion of qualified immunity simply because he did not show that he suffered more than a *de minimis* injury without any inquiry into the objective reasonableness of Jones's conduct.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40617

Brown alleged, in a verified complaint, that during a pat down search Jones struck him in the groin and squeezed his testicles in an unnecessary and sadistic attack for the purpose of causing him pain. Brown alleged that this use of excessive force resulted in both immediate and continuing pain, as well as an injury that resulted in blood in his urine. Viewing Brown's allegations in the light most favorable to him, he has stated a claim for violation of a constitutional right. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The district court erred in granting summary judgment on Jones's assertion of qualified immunity simply because Brown did not show that he suffered more than a *de minimis* injury. *See Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178-79 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)) (restating that the "the core judicial inquiry" in excessive force cases was not whether "a certain quantum of injury was sustained" but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."). Accordingly, we vacate the summary judgment and remand the claim for further proceedings consistent with this opinion.

Brown twice moves for appointment of counsel on appeal. Because he has not shown that exceptional circumstances warrant the appointment of counsel at this time, his motions for appointment of counsel on appeal are denied. *See Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

Brown has also moved to supplement the record and for this court to take judicial notice. As neither of these motions is necessary for nor relevant to the resolution of the narrow issue presented by this appeal, they are denied.

VACATED AND REMANDED; ALL MOTIONS DENIED.