**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 3, 2012

Lyle W. Cayce
Clerk

No. 11-40758
Summary Calendar

DONALD LE CLAIR,

Plaintiff-Appellant

v.

TEXAS BOARD CRIMINAL JUSTICE,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:10-CV-177

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Donald Le Clair, Texas prisoner # 403292, filed in the district court a complaint under 42 U.S.C. § 1983, against the Texas Board of Criminal Justice (TBCJ) alleging that the TBCJ unlawfully seized $300 from his prison trust account and was holding $525 by freezing his account, in violation of his right to due process. The district court granted the defendant's motion to dismiss under Rule12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed Le Clair's complaint with prejudice, concluding that the TBCJ was a state agency immune to suit under § 1983.

Le Clair contends that because the TBCJ's conduct violated the Fourteenth Amendment, the TBCJ is not entitled to Eleventh Amendment immunity, and he argues that the TBCJ is a "person" susceptible to suit under § 1983 and is liable for its policies or customs. We review the judgment of dismissal de novo. *Ballew v. Continental Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012); *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011).

The Supreme Court has recognized "only two circumstances in which an individual may sue a State. First, Congress may authorize such a suit in the exercise of its power to enforce the Fourteenth Amendment . . . . Second, a State may waive its sovereign immunity by consenting to suit." *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). Neither exception applies here. Further, "an entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Thus, the district court did not err in dismissing Le Clair's suit. The judgment of dismissal is affirmed.

Le Clair has moved for the appointment of counsel on appeal. Because his case does not present exceptional circumstances, the motion is denied. *See Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

AFFIRMED; MOTION DENIED.