# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 21, 2013

Lyle W. Cayce
Clerk

No. 12-40337
Summary Calendar

MACEO DOWNEY,

Plaintiff–Appellant,

v.

DEPUTY MIKE BARRY, also known as Unknown Officer Galveston County Jail,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:10-CV-74

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Maceo Downey, Texas prisoner # 1683859, alleged under 42 U.S.C. § 1983 that Officer Mike Barry used excessive force while attempting to apprehend him. Downey appeals the district court's judgment that granted summary judgment and dismissed his claim. We review the district court's grant of summary judgment de novo. *See Whittaker v. BellSouth Telecommc'ns, Inc.*, 206 F.3d 532, 534 (5th Cir. 2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The record reflects that Downey disregarded Officer Barry's commands to keep his hands on the vehicle by moving his hands down toward his belt; Downey fled on foot from Officer Barry; and Downey reached down to his waist and looked back at Officer Barry as he was fleeing. Based on these facts, it was reasonable for Officer Barry to believe that Downey posed a threat of serious harm to the officer or others. *See Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009); *Reese v. Anderson*, 926 F.2d 494, 499-501 (5th Cir. 1991) (upholding deadly force when the suspect repeatedly refused to keep hands raised and appeared to be reaching for an object). Accordingly, Officer Barry's use of force was not excessive and the district court did not err in granting summary judgment. Therefore, the district court's judgment is affirmed.

Officer Barry's motion to strike the affidavit of Gary Barr and exhibits A-H from Downey's appellate brief is granted because the affidavit and exhibits were not before the district court when it granted summary judgment. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 n.10 (5th Cir. 1992).

Downey's motion for the appointment of counsel is denied as he has not shown the existence of exceptional circumstances warranting such an appointment. *See Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (per curiam).

AFFIRMED; MOTION TO STRIKE PORTIONS OF APPELLATE BRIEF GRANTED; MOTION FOR THE APPOINTMENT OF COUNSEL DENIED.