# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20108
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2019

Lyle W. Cayce
Clerk

ANTHONY J. BELL,

Plaintiff-Appellant

v.

CHRISTINA HOLLOWAY, Sergeant; JESSIE MCKEE, Officer; ABDELAZEEZ SAUBANA; TOLUPE OLATOYE, Officer; OBRECA MILLER; AMANDA HUGHES, Mental Health Case Manager; JAMIE WILLIAMS, Practice Manager; ZAE ZEON, Medical Doctor,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-461

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Anthony J. Bell, Texas prisoner # 1751166, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit on summary judgment. Because he fails to show that his case presents exceptional circumstances, we DENY Bell's motion for appointment of counsel. *See Cooper v. Sheriff, Lubbock Cty., Tex.*,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20108

929 F.2d 1078, 1084 (5th Cir. 1991).  We GRANT his motion to file a reply brief out of time.

In his § 1983 action, Bell alleged that defendants Christina Holloway, Abdelazeez Saubana, Jessie McKee, Obreca Miller, and Dr. Zae Zeon were deliberately indifferent to Bell's serious medical needs in violation of the Eighth Amendment.  Bell has abandoned any other claims against these or other defendants by failing to brief them. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We review the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009).  Bell fails to demonstrate that a genuine issue of material fact remains as to whether his constitutional rights were violated, making the grant of summary judgment in the defendants' favor appropriate. *See* FED. R. CIV. P. 56(a); *Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016).

AFFIRMED.