# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 18, 2019

Lyle W. Cayce
Clerk

No. 18-30717
Summary Calendar

RONNIE K. HONGO,

Plaintiff−Appellant,

versus

JERRY GOODWIN; RYAN KIMBALL; JAMES ARNOLD; CHRIS EVANS; SCOTT COTTRELL; SERGEANT SHANICE MORGAN,

Defendants−Appellees.

Appeals from the United States District Court
for the Western District of Louisiana
No. 5:16-CV-324

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ronnie Hongo, Louisiana prisoner #98420, appeals a summary judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30717

in his civil rights suit under 42 U.S.C. § 1983. He also filed a motion for extraordinary relief requesting a temporary restraining order ("TRO") and a motion for appointment of appellate counsel. The motion for a TRO is DENIED because Hongo cannot establish a substantial likelihood that he will succeed on the merits. *See Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). His motion for appointment of counsel is DENIED because he has not shown exceptional circumstances. *See Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

Hongo contends that the district court erred by ruling on summary judgment without first requiring the defendants to produce certain discovery evidence that Hongo alleges would have supported his claims. As correctly noted by the defendants, Hongo did not seek the proper recourse by requesting a continuance under Federal Rule of Civil Procedure 56(d) to obtain discovery to defend against their summary judgment motion. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). But even if the various discovery-related motions filed by Hongo were liberally construed as seeking Rule 56(d) relief, he did not make the necessary showing that further discovery was necessary to defeat summary judgment. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). The district court did not abuse its discretion by denying further discovery before ruling on summary judgment. *See id.*

For his second point, Hongo contends that the district court erred by denying his motion seeking an order under Federal Rule of Civil Procedure 35(a) for a physical examination. Because Hongo failed to show good cause for that order, the district court did not abuse its discretion by denying the motion. *See Grogan v. Kumar*, 873 F.3d 273, 281 (5th Cir. 2017).

Regarding the summary judgment on excessive force and refusal to provide proper medical treatment, we review *de novo* review by applying the same

standards as did the district court.  *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The moving party must demonstrate the absence of a genuine issue of material fact, but it does not need to negate the elements of the nonmovant's case.  *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).  If the moving party meets that initial burden, the burden shifts to the nonmovant to set forth specific evidence to support his claims.  *Id.*  All facts and reasonable inferences must be construed in the light most favorable to the nonmovant, and the court must not weigh evidence or make credibility calls.  *Deville v. Marcantel*, 567 F.3d 156, 163−64 (5th Cir. 2009).  The nonmovant cannot satisfy his burden with "conclusory allegations," "unsubstantiated assertions," or "only a scintilla of evidence."  *Duffie*, 600 F.3d at 371 (internal quotation marks and citation omitted).

The defendants provided affidavits and photographs establishing that no excessive force was used against Hongo on August 17, 2015, after certain defendants forcibly stopped Hongo's attack on another prisoner.  The defendants also provided affidavits and medical records showing that Hongo received medical examinations and treatment following that incident.  Because he failed to provide any competent summary judgment evidence, there was no genuine dispute of material fact regarding either of his claims.  Accordingly, the summary judgment is AFFIRMED.  *See Duffie*, 600 F.3d at 371.