# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 14, 2020

Lyle W. Cayce
Clerk

No. 19-40384
Summary Calendar

TACOREY GILLIAM,

*Plaintiff—Appellant*,

*versus*

ANDERSON COUNTY SHERIFF DEPARTMENT; FNU HIGGINS;
FNU CHOLK; FNU PIERSON; TIM GREEN; FNU STROUT,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:17-CV-696

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Tacorey Gilliam, Texas prisoner # 02095241, filed a 42 U.S.C. § 1983 civil rights complaint alleging numerous claims, including deliberate indifference to his health and safety, negligence, cruel and unusual

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-40384

punishment, retaliation, failure to investigate, and excessive use of force. The district court granted the defendants' motion for summary judgment and dismissed the suit because Gilliam had failed to exhaust his available administrative remedies, and Gilliam appeals. Although Gilliam requests appointment of counsel, he has not made the required showing. *See Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

We review the district court's grant of summary judgment in this case de novo. *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010); *see also Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 507 (5th Cir. 2003). Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The defendants submitted Gilliam's administrative remedy records and the jail's grievance plan, among other records, which support a determination that Gilliam did not proceed beyond the first step of the three-step administrative remedy procedure. Gilliam has neither produced competent summary judgment evidence showing that he proceeded to the second and third step of the grievance process nor challenged the veracity or reliability of these records. Gilliam has therefore failed to show that there is a genuine issue of material fact as to whether he proceeded to step two and three of the grievance process. Gilliam's conclusory assertions that he "attempted to exhaust" his administrative remedies, that he was unaware prefiling exhaustion was mandatory, and that there was a lack of grievance forms do not entitle him to relief. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The district court did not err by granting summary judgment.

Accordingly, the district court's judgment is AFFIRMED. Gilliam's motion to appoint counsel is DENIED.