# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 29, 2021

Lyle W. Cayce
Clerk

No. 20-10834

Leonard Mornes,

*Plaintiff—Appellant*,

*versus*

Lupe Valdez, *Sheriff*; NFN Smith, *Shift Leader Officer*; NFN Smith, *Officer*; Elizabeth NLN, *Nurse*; NFN Betts, *Doctor*; Sean Nicholas Shahrestani, *Doctor*; Doctor Brigham Kanakanuiokekai Au,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-2333

Before Clement, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Leonard Mornes, Texas prisoner # 02120659, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10834

order granting summary judgment to the defendants and dismissing his 42 U.S.C. § 1983 complaint in which he asserted that the defendants exhibited deliberate indifference to his broken ankle and denied him medical care while he was a pretrial detainee.  The complaint was dismissed in part on the basis that Mornes did not overcome the defense of qualified immunity raised by the defendants and in part on the ground that Mornes failed to exhaust his administrative remedies before filing suit.  Mornes additionally requests the appointment of counsel.

By moving for leave to proceed IFP, Mornes is challenging the district court's certification pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3) that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  The inquiry into whether an appeal is taken in good faith requires a brief consideration of the merits; a colorable claim—one that involves legal points arguable on the merits—is not frivolous.  *Howard v. King*, 707 F.2d 215, 220-21 (5th Cir. 1983).  Although Mornes was granted IFP status in the district court, he must obtain leave to proceed IFP on appeal.  *See* Fed. R. App. P. 24(a)(3)(A).

Mornes has failed to brief any argument addressing the district court's reasons for dismissing the complaint and certifying that the appeal is not taken in good faith.  Accordingly, Mornes has abandoned any challenge to the district court's certification decision, *see Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987), and failed to show that his appeal involves any arguably meritorious issues, *see Howard*, 707 F.2d at 220.  Because he has failed to show that his appeal involves a nonfrivolous issue, we DENY his motion to proceed IFP and DISMISS the appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; *Howard*, 707 F.2d at 220; 5th Cir. R. 42.2.  We also DENY his motion for the appointment of counsel because he has not demonstrated that his challenge to the certification decision presents

No. 20-10834

exceptional circumstances that justify appointing him counsel. *See Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

The dismissal of this appeal as frivolous counts as a strike pursuant to § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761-64 (2015). Mornes is WARNED that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).