# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 18, 2021

Lyle W. Cayce
Clerk

No. 19-51104
Summary Calendar

Michelle A. Morris,

*Plaintiff—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*; Warden Jacqueline Jones; Warden Kelli Forrester,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CV-322

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:[*]

Michelle A. Morris, Texas prisoner # 896824, appeals the district court's summary judgment dismissal as moot of her 42 U.S.C. § 1983 lawsuit complaining that the defendants' refusal to provide her with nutritionally

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

sufficient kosher meals at no cost violated her rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the Equal Protection Clause. Because the defendants provided uncontested evidence that, after the filing of the complaint, Crain Unit officials began providing Morris with pre-packaged, shelf-safe, kosher-certified meals on May 30, 2019, and would continue to do so for the remainder of her incarceration, there was no longer a live case or controversy before the court, and summary judgment dismissal of the complaint was proper. *See* FED. R. CIV. P. 56(a); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013).

Morris argues that there remains a live case or controversy because the kosher meals provided to her are inferior to those that male Jewish inmates receive; do not meet federal nutritional guidelines; make her stomach hurt; and put her health in jeopardy, forcing her to choose between observing her religion and following a healthy diet as ordered by her physicians. She also asserts that the defendants provided incomplete and misleading documents in support of their summary judgment motion, urging that the logs showing her receipt of kosher meals failed to demonstrate that she began refusing them because she had stomach pains after each meal.

These arguments were raised for the first time in Morris's Rule 60(b) motion and are construed as a challenge to the denial of that motion. However, Morris fails to demonstrate that the denial amounted to an abuse of discretion. *See Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). As the district court found, her complaint concerning the allegedly incomplete or misleading documents does not constitute fraud within the meaning of Rule 60(b)(3). *See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005).

No. 19-51104

Likewise, Morris has not demonstrated any exceptional circumstances establishing that the dismissal of her original claim as moot was error. *See Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). Her dissatisfaction with the kosher meals being provided to her is a distinct claim from the claim raised in her original complaint. Although Morris now contends that the claim was not a new one because she grieved it through the prison grievance system, those grievances post-dated the filing of her complaint, and she never amended her complaint to raise a claim that, although she was being provided kosher meals at no cost, the meals provided were inadequate. The district court did not abuse its discretion in denying relief under Rule 60(b)(6) based on the conclusion that the claim was a newly raised one which did not establish any error in the dismissal of her complaint and which could be raised in a new lawsuit.[1] *See Seven Elves, Inc.*, 635 F.2d at 402. Accordingly, the district court's judgment is AFFIRMED.

Morris's motion for the appointment of counsel is DENIED. *See Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991). Her motion for the recovery of costs is similarly DENIED. *See* FED. R. CIV. P. 54(d); 42 U.S.C. § 1988; *see also Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603-04 (2001); *Walker v. City of Mesquite*, 313 F.3d 246, 249 (5th Cir. 2002).

---

[1] Morris has abandoned by failing to brief any argument renewing her alternative claim that she was entitled to relief under Rule 60(b)(1) based on excusable neglect. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).