# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2023

Lyle W. Cayce
Clerk

No. 22-40047
Summary Calendar

Clifford C. Cook,

*Plaintiff—Appellant*,

*versus*

Michael B. Crow, Assistant Warden; Jeffrey R. Woodard; Vivian Davis; Clemente Espinoza; Rochelle P. Rogers,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:20-CV-85

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Appellant Clifford Cook is an inmate in the custody of the Texas Department of Criminal Justice. He brought this *pro se* Section 1983 action after he was assaulted by four members of the Crips gang. He alleges various

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-40047

officials at the Mark W. Stiles Unit were deliberately indifferent to his safety in violation of the Eighth Amendment.

The district court granted summary judgment for Defendants and dismissed Cook's claims. On appeal, Cook contends Defendants knew he was vulnerable to assault because he was in safekeeping status due to threats from the Aryan Circle gang during an unrelated 2008 prison stint, and he communicated his fears to Defendants multiple times leading up to the assault challenged here. He also seeks an injunction requiring Defendants to provide him safekeeping status and faults the district court for failing to address his claim for intentional infliction of emotional distress ("IIED").

The record contains no evidence that Defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm" to Cook was posed by Crips members, or that Defendants actually drew such an inference. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994). Cook's claim for injunctive relief was rendered moot upon his transfer to a different unit. *See, e.g.*, *Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1084 (5th Cir. 1991). And to the extent Cook ever alleged an IIED claim, he abandoned it when he failed to address it in response to Defendants' motion for summary judgment. *See Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339–40 (5th Cir. 2005).

For the foregoing reasons, the district court's judgment is AFFIRMED.

Cook's motion for appointment of counsel is DENIED AS MOOT.

2