# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 20, 2012

No. 11-50473
Summary Calendar

Lyle W. Cayce
Clerk

EDWARD DESHAN SMITH,

Plaintiff-Appellant

v.

LEE COUNTY DISTRICT CLERK'S OFFICE; LISA TEINERT, Lee County
District Clerk; DIME BOX POST OFFICE, INCORPORATED; DIME BOX POST
MASTER; JAMES R. COLLINGS; GIDDINGS POST OFFICE,
INCORPORATED; GIDDINGS POST MASTER; RALPH ZOCH; CALDWELL
POST OFFICE, INCORPORATED; CALDWELL POST MASTER; STEVE
CUMMINGS; BRYAN POST OFFICE, INCORPORATED; BRYAN POST
MASTER; DANIEL L. STANAWAY; AUSTIN POST OFFICE,
INCORPORATED; AUSTIN POST MASTER; DALPHINE MARALES,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CV-140

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Edward Deshan Smith (Smith), proceeding pro se and in forma pauperis

(IFP), appeals the district court's dismissal pursuant to 28 U.S.C. § 1915(e) of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

complaint alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, and deprivation of civil rights, in violation of 42 U.S.C. § 1983. He has also filed a motion for the appointment of counsel.

Smith's conclusional assertions and barely comprehensible contentions fail to identify error in the district court's determination that his allegations in the instant proceeding amounted to a complaint regarding lost or damaged mail, which was insufficient to state a cause of action under § 1983 or the ADA. By failing to provide a coherent argument that addresses the district court's analysis, Smith has failed to adequately preserve any issue for appeal. *See* FED. R. APP. P. 28(a); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Additionally, Smith's arguments fail to demonstrate that the district court abused its discretion by dismissing his complaint as frivolous. *See Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). In fact, his contention that a parcel of damaged mail indicates that there is a conspiracy among the defendants to violate his constitutional rights or discriminate on the basis of a disability is fanciful and delusional and, as such, indicates that the district court correctly dismissed the complaint as frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Smith's appeal is devoid of legal points that are arguable on their merits, *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), and therefore it is DISMISSED as frivolous. *See* 5th Cir. R. 42.2;. Moreover, Smith has not shown the exceptional circumstances necessary to justify the appointment of counsel. *See Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991). His motion for the appointment of counsel is DENIED. Smith is WARNED that any future frivolous pleadings filed by him in this court or in any court subject to the jurisdiction of this court will subject him to sanctions. Smith should review any pending matters to ensure that they are not frivolous.

APPEAL DISMISSED AS FRIVOLOUS; MOTION FOR THE APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.