Robert E. KRAMER, Plaintiff–
Appellant

v.

Samuel T. BISCO, Travis County Judge;
Amalia Rodriguez–Mendoza, Travis
County District Clerk, Defendants–
Appellees.

No. 11–40920

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 17, 2012.

Robert E. Kramer, Lubbock, TX, pro se.

Before GARZA, SOUTHWICK, and
HAYNES, Circuit Judges.

PER CURIAM: *

Robert E. Kramer, Texas prisoner
# 643733, appeals the dismissal of his 42
U.S.C. § 1983 complaint against a state
district court judge, Samuel T. Bisco, and
the clerk of the Travis County District
Court, Amalia Rodriguez–Mendoza.
Kramer consented to proceed before a
magistrate judge and now argues that the
magistrate judge erroneously dismissed
his complaint for failure to state a claim.
He additionally argues that Judge Bisco
lost the defense of absolute immunity by
acting without jurisdiction and seeks re-
mand to permit amendment of his § 1983
complaint to name Travis County as a
defendant.

In his brief, Kramer fails to include any
discussion about the magistrate judge's
rulings that quasi-judicial immunity shield-
ed Rodriguez–Mendoza from liability and
that his § 1983 complaint failed to allege
the personal involvement of either defen-
dant in the alleged civil rights violations.
He has thus abandoned any challenge to
these rulings. *See Yohey v. Collins*, 985
F.2d 222, 224–25 (5th Cir.1993); *Brink-
mann v. Dallas Cnty. Deputy Sheriff Ab-
ner*, 813 F.2d 744, 748 (5th Cir.1987).

We employ a de novo review of dismiss-
als for failure to state a claim under 28
U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1),
using the same standard applicable to dis-
missals pursuant to Federal Rule of Civil
Procedure 12(b)(6). *Black v. Warren*, 134
F.3d 732, 733–34 (5th Cir.1998); *Ruiz v.
United States*, 160 F.3d 273, 274–75 (5th
Cir.1998). Accepting all well-pleaded facts
as true and viewing them in a light most
favorable to Kramer, *see In re Katrina
Canal Breaches Litig.*, 495 F.3d 191, 205
(5th Cir.2007), the record does not reflect
that Judge Bisco's actions were "taken in
the complete absence of all jurisdiction."
*Mireles v. Waco*, 502 U.S. 9, 12, 112 S.Ct.
286, 116 L.Ed.2d 9 (1991); *Boyd v. Big-
gers*, 31 F.3d 279, 284–85 (5th Cir.1994).
The magistrate judge thus correctly deter-
mined that Judge Bisco was entitled to
absolute immunity and properly dismissed
Kramer's § 1983 action.

As to Kramer's contention that the case
should be remanded so that he may amend
his complaint to name Travis County, it is
important that section 1983 liability of a
local government entity "requires proof of
three elements: a policymaker; an official
policy; and a violation of constitutional
rights whose moving force is the policy or

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

custom." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 166 (5th Cir.2010) (quotation marks and citation omitted), *cert. denied*, —— U.S. ——, 131 S.Ct. 3059, 180 L.Ed.2d 887 (2011). Kramer has briefed insufficient facts supporting these elements to warrant remand.

Finally, Kramer moves for the appointment of counsel. Because he has not demonstrated the exceptional circumstances warranting the appointment of counsel, his motion is DENIED. *See Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir.1991).

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.