# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30651
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2016

Lyle W. Cayce
Clerk

MICHAEL JEROME JETT,

Plaintiff–Appellant,

v.

TIM KEITH; CORRECTIONS CORPORATION OF AMERICA; MECHELLE KENNEDY; DOCTOR  WHEAT; NICOLE WALKER; et al,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:15-CV-215

Before KING, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Michael Jerome Jett, Louisiana prisoner # 337652, filed a 42 U.S.C. § 1983 complaint against Winn Correctional Center, and various employees and medical staff members at that institution, alleging that he was denied adequate medical care and subjected to unconstitutional conditions of confinement, including cruel and unusual punishment.  The district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30651

dismissed Jett's suit as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 28 U.S.C. § 1915A(b)(1).  On appeal, Jett argues that prison doctors and nurses provided inadequate medical care and were deliberately indifferent to his medical needs.  He also claims that the medical staff was verbally abusive toward him.  Jett also has filed a motion for the appointment of counsel.

We review the dismissal of a complaint as frivolous and for failure to state a claim de novo.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  Jett makes no argument challenging the district court's determination that the Winn Correctional Center is not a juridical entity that is amenable to suit, or that his claim regarding duty status was nonresponsive.  Therefore, he has abandoned these issues.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Jett complains the medical staff ignored his requests for a walking cane in February 2015 and, after he received one, took away the cane on March 5, 2015.  However, sick call notes from that day reflect that the cane, in fact, was returned to him.  Jett also claims that the medical staff erroneously ignored his request for eyeglasses and x-rayed the wrong foot on one occasion.  However, he does not provide any evidence to support these assertions and, moreover, any negligent action in taking the x-ray or neglect in regard to his eye care do not give rise to a § 1983 action.  *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam).  Jett avers that the doctors and nurses at the prison lack the required medical certification.  It does not appear that Jett raised this claim in the district court and, thus, that argument is waived.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (per curiam).  Finally, Jett's assertion that the staff was verbally abusive toward

him does not give rise to a claim of an Eighth Amendment violation. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993).

In light of the foregoing analysis, we conclude that the district court properly dismissed Jett's appeal as frivolous and for failure to state a claim upon which relief could be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam); § 1915(e)(2)(B)(i),(ii); § 1915A(b)(1). His motion for the appointment of counsel is also denied. *See Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (per curiam).

The district court's dismissal of Jett's complaint as frivolous and for failure to state a claim counts as one strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Jett that if he accumulates three strikes, he will no longer be able to proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

JUDGMENT AFFIRMED; MOTION DENIED; SANCTION WARNING ISSUED.