# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30458
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2016

Lyle W. Cayce
Clerk

JOSEPH DAUZAT,

Plaintiff-Appellee

v.

BESSIE CARTER, RN - CCN/M - Director of Nursing; LAURA BUCKLEY, LPN; CASEY MCVEA, Doctor,

Defendants-Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-239

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Bessie Carter, RN; Laura Buckley, LPN; and Casey McVea, MD, appeal the district court's denial of their motion to dismiss Joseph Dauzat's 42 U.S.C. § 1983 civil rights action. Because the district court denied in part the appellants' motion to dismiss based on Eleventh Amendment and qualified immunity, we have jurisdiction to review the judgment under the collateral

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

order doctrine.  *See Hinojosa v. Livingston*, 807 F.3d 657, 663 (5th Cir. 2015); *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 411-12 (5th Cir. 2004).

The appellants argue that the district court erred in denying their motion to dismiss based on qualified immunity because Dauzat did not allege facts indicating that their actions rose to the level of egregious intentional conduct required to satisfy the deliberate indifference standard.  The district court did not err in denying Buckley's motion to dismiss based on qualified immunity.  Dauzat complained of symptoms that should have put Buckley on alert to a serious medical condition that was "so apparent that even a layman would recognize that care [was] required."  *See Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006).  Further, Buckley's failure to refer Dauzat to a physician was not objectively reasonable conduct.  The district court did not err in determining that Dauzat alleged a valid Eighth Amendment right and that a reasonable nurse in Buckley's position would have understood that the failure to refer him to a physician violated Dauzat's clearly established constitutional right.  *See Easter v. Powell*, 467 F.3d 459, 463-64 (5th Cir. 2006); *Lawson v. Dallas County*, 286 F.3d 257, 262-63 (5th Cir. 2002).

Dauzat has alleged facts indicating that he had a serious medical need for physical therapy, Dr. McVea was aware of the neurosurgeon's order that he receive physical therapy, Dr. McVea did not follow those orders, and Dr. McVea substituted a wellness program that was conducted by inmates and was not the equivalent of physical therapy conducted by a licensed physical therapist as ordered by the neurosurgeon.  The district court did not err in denying Dr. McVea's motion to dismiss based on the court's determination that Dauzat stated an Eighth Amendment claim and that a reasonable physician in Dr. McVea's position would understand that the failure to provide physical therapy

as ordered violated Dauzat's clearly established constitutional right.  *See Easter*, 467 F.3d at 463-64; *Lawson*, 286 F.3d at 262-63.

Carter argues that she did not act with deliberate indifference as she merely deferred to Dr. McVea's recommendation that Dauzat do physical therapy in the wellness program.  Carter did not attempt to find another facility or hospital to provide physical therapy to Dauzat.  As the Director of Nursing, Carter was aware that the wellness program was run by inmates and was not the equivalent of the physical therapy ordered by the neurosurgeon for Dauzat.  The district court did not err in denying Carter's motion to dismiss based on qualified immunity as the court determined that Dauzat had stated a valid Eighth Amendment claim and that a reasonable nurse in Carter's position would have understood that the failure to provide physical therapy as ordered violated Dauzat's clearly established constitutional right.  *See Easter*, 467 F.3d at 463-64; *Lawson*, 286 F.3d at 262-63.

The appellants argue that the district court erred in allowing Dauzat's claims for prospective injunctive relief to continue to proceed because he is currently receiving physical therapy and Carter has retired.  The district court did not err in denying the motion to dismiss based on Eleventh Amendment immunity as Dauzat's medical needs have not been completely satisfied as the neurosurgeon and the physical therapist both ordered follow-up examinations. Because Dauzat alleged facts indicating that the appellants were deliberately indifferent to his serious medical needs and because he did not receive physical therapy until after the district court issued an order in the instant case, the appellants have not shown that the district court erred in determining that Dauzat's claim for prospective injunctive relief should not be dismissed based on Eleventh Amendment immunity.  *See Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006); *Aguilar v. Texas Dep't of*

No. 15-30458

*Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).  Although Carter has retired, any prospective injunctive relief could be directed to the current Director of Nursing in that person's official capacity.

Dauzat has filed a motion for appointment of counsel on appeal.  Because he has not demonstrated exceptional circumstances that would warrant the appointment of appellate counsel, his motion is denied.  *See Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.