# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30610

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2019

Lyle W. Cayce
Clerk

JOSEPH DAUZAT,

     Plaintiff - Appellee

v.

BESSIE CARTER, RN - CCN/M - Director of Nursing; LAURA BUCKLEY, LPN; CASEY MCVEA, Doctor,

     Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-239

Before CLEMENT, OWEN, and HO, Circuit Judges.

PER CURIAM:*

This is the second time that the defendants have appealed the district court's denial of qualified immunity. The district court initially denied immunity at the motion to dismiss stage. That decision was affirmed by this court on interlocutory appeal. *See Dauzat v. Carter*, 670 F. App'x 297 (5th Cir. 2016) (per curiam). Following discovery, the defendants again claimed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

immunity at the summary judgment stage. The district court again denied their motion. The defendants now seek interlocutory review for a second time. Constrained by our first ruling, we again affirm.

The crux of Joseph Dauzat's § 1983 claim is that the defendants—two nurses and a doctor at the prison where Dauzat is incarcerated—were deliberately indifferent to his medical needs. On their first appeal, the defendants argued that Dauzat "did not allege facts indicating that their actions rose to the level of egregious intentional conduct required to satisfy the deliberate indifference standard." *See id.* at 298. A separate panel of this court disagreed, explaining how the allegations against each defendant were sufficient to state a claim.

As to Nurse Buckley, the panel held:

> Dauzat complained of symptoms that should have put Buckley on alert to a serious medical condition that was "so apparent that even a layman would recognize that care [was] required." *See Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006). Further, Buckley's failure to refer Dauzat to a physician was not objectively reasonable conduct.

*Id.*

With respect to Doctor McVea, the panel held:

> The district court did not err in denying Dr. McVea's motion to dismiss based on the court's determination that Dauzat stated an Eighth Amendment claim and that a reasonable physician in Dr. McVea's position would understand that the failure to provide physical therapy as ordered violated Dauzat's clearly established constitutional right.

*Id.*

And finally, with respect to Nurse Carter, the panel held:

> As the Director of Nursing, Carter was aware that the wellness program was run by inmates and was not the equivalent of the physical therapy ordered by the neurosurgeon for Dauzat.

No. 18-30610

> [Accordingly, t]he district court did not err in denying Carter's motion to dismiss based on qualified immunity as the court determined that Dauzat had stated a valid Eighth Amendment claim and that a reasonable nurse in Carter's position would have understood that the failure to provide physical therapy as ordered violated Dauzat's clearly established constitutional right.

*Id.*

The defendants continue to believe that their conduct did not violate clearly established law. Even viewing the evidence in the light most favorable to Dauzat and drawing all reasonable inferences in his favor, they contend their behavior was objectively reasonable. And by the defendants' own admission, "[t]he facts which are disputed are minor and immaterial to the question of qualified immunity before the Court." And so this court is presented with purely legal issues. The "core of the question" presented by this appeal, as the defendants characterize it, is whether the district court "incorrectly identified the particular constitutional rights at issue in this case for the purpose of the qualified immunity analysis."

The only problem with the defendants' position is that this court cannot endorse it without overruling the prior panel. Although discovery has occurred, the facts adduced do not differ meaningfully from the facts this court assumed to be true at the motion to dismiss stage. There have been no groundbreaking discoveries or revelations. Excepting two instances, the parties largely agree on what occurred. The new evidence relied on by the defendants operates mainly as an attempt to explain and rationalize their behavior. The material facts recited by the district court in its original opinion denying qualified immunity at the motion to dismiss stage remain almost entirely unrebutted.

Now, as then, the essential disagreement between the parties is whether those facts provide Dauzat with a viable § 1983 claim. The district court and the original appellate panel sided with Dauzat. "The law-of-the-case doctrine

3

generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Musacchio v. United States*, 136 S. Ct. 709, 716 (2016) (internal quotation marks and citations omitted). Accordingly, the defendants' arguments are foreclosed.

As a final note, to address the defendants' concern that the court's ruling in this case—if allowed to stand—will have far-reaching negative consequences, we are not troubled. The defendants argue that upholding the interpretation already embraced by the previous panel will provide inmates with a new constitutional right to immediate attention by a doctor and a right to continuous off-site or professional medical care. But the summary calendar opinion that affirmed the district court on the prior appeal was unpublished and is therefore without precedential effect (except insofar as the law-of-the-case operates on this dispute). *See* 5th Cir. R. 47.5.4. Moreover, its terse approval of the magistrate's opinion contains little reasoning that would enable future courts to follow its lead. In short, the panel's opinion will have no effect beyond the present case.

AFFIRMED.