# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 20-30106
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2020

Lyle W. Cayce
Clerk

AKANDO DUCKSWORTH,

Plaintiff–Appellant,

versus

HAL MACMURDO, Head Doctor at Dixon Correctional Institute;
JASON KENT, Warden, Dixon Correctional Institute;
CHERRYL WASHINGTON, ARP Screening Officer,

Defendants–Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:18-CV-1005

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Akando Ducksworth, Louisiana prisoner #714207, moves to proceed *in*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

*forma pauperis* ("IFP") on appeal from the dismissal of his 42 U.S.C. § 1983 complaint. Ducksworth asserted that the defendants were deliberately indifferent to his serious medical needs related to conditions that affect his ability to speak and that cause pain in his neck. On the defendants' motion, the district court dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

By moving to proceed IFP, Ducksworth is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We review *de novo* a dismissal under Rule 12(b)(6). *See McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017).

As to defendants Kent and Washington, the district court determined that Ducksworth's allegations did not establish their participation in the alleged denial of medical care. A defendant "must be either personally involved in the acts causing the deprivation of a person's constitutional rights, or there must be a causal connection between an act of the [defendant] and the constitutional violation sought to be redressed." *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Ducksworth's complaint shows that his factual allegations do not demonstrate the personal involvement of these defendants in the alleged denial of medical care or a causal connection between their acts and the alleged denial of medical care. *See id.* Ducksworth has failed to demonstrate that his appeal involves legal points arguable on the merits insofar as it concerns Kent and Washington. *See Howard*, 707 F.2d at 220.

As to his claim against Dr. MacMurdo, Ducksworth likewise fails to make the requisite showing. *See id.* According to his complaint, Ducksworth

received speech therapy at the University Medical Center ("UMC") for several months, but that therapy was ineffective in dealing with his voice problems, and a doctor at UMC concluded that more therapy would not restore Ducksworth's voice. Although UMC offered to provide additional therapy to help alleviate Ducksworth's neck pain, MacMurdo decided against that course of action and instead treated Ducksworth with Ibuprofen and throat lozenges; he also prescribed muscle relaxers and throat exercises. Even if the treatment chosen by MacMurdo was unsuccessful, the facts alleged do not establish deliberate indifference. *See Varnado*, 920 F.2d at 321. Although Ducksworth disagrees with MacMurdo's decision not to send him to UMC for more therapy, a prisoner's disagreement with his medical treatment is not sufficient to state a claim under § 1983. *See id.* Further, even if MacMurdo did not follow the treatment recommendation of another physician, that does not establish deliberate indifference. *See Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999).

The appeal lacks arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Accordingly, the motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Ducksworth's motion for appointment of counsel is also DENIED because this case does not present exceptional circumstances warranting it. *See Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

The district court's dismissal of Ducksworth's § 1983 action for failure to state a claim and this court's dismissal of the instant appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman*, 135 S. Ct. at 1762-63. Ducksworth is WARNED that if he accumulates three strikes, he

will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).