# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2020

Lyle W. Cayce
Clerk

No. 19-10789

Prince McCoy, Sr.,

*Plaintiff—Appellant*,

*versus*

Tommy Norwood; Lawerence Doty; Pepper Bradberry; Shea Sides; Dorothy Lohr; The Office of Attorney General,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:16-CV-131

Before Willett, Ho, and Duncan, *Circuit Judges*.

Per Curiam:*

Prince McCoy, Sr., Texas prisoner # 852958, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 suit wherein he sought damages against the warden and several

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-10789

medical personnel at the Texas Department of Criminal Justice's Allred Unit based on alleged deliberate indifference to his serious medical needs. By moving to proceed IFP, McCoy challenges the district court's certification pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3) that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). The inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

In his brief before this court, McCoy challenges the district court's merits decisions on his Eighth Amendment claims. He does not address the district court's determination that his claims against defendants Lawrence Doty and Pepper Bradberry should be dismissed because he did not exhaust administrative remedies.[1] By failing to contest the district court's determination or identify any error in the district court's reasoning as to those claims, McCoy has abandoned the claims on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

As to defendant Tommy Norwood, the district court sua sponte dismissed McCoy's claim—which was based on the warden's denial of McCoy's grievances—for failure to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B)(ii). Because McCoy has no constitutional right to have his grievances investigated or resolved to his satisfaction, his assertion that Norwood is responsible for constitutional violations due to his involvement in the grievance process is unavailing. *See Geiger v. Jowers*, 404

---

[1] While Doty's first name is spelled "Lawerence" in the official caption, it is spelled "Lawrence" in his responsive pleadings.

F.3d 371, 373-74 (5th Cir. 2005). Moreover, to the extent McCoy separately alleged that Norwood is liable for his own failure to correct the medical staff's deliberate indifference, he has not alleged a basis for supervisory liability because he has not shown an underlying constitutional violation. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).

McCoy likewise has failed to demonstrate that his appeal involves legal points arguable on the merits insofar as it concerns the district court's summary judgment dismissal of his claims against defendants Shea Sides and Dorothy Lohr. *See Howard*, 707 F.2d at 220. Here, the competent summary judgment evidence showed that neither Lohr nor Sides refused to treat McCoy, ignored his complaints, or intentionally treated him incorrectly. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). McCoy's disagreement with the course of treatment provided and his insistence that he should have received further treatment is not sufficient to show deliberate indifference. *See id.* Further, because McCoy has not shown an Eighth Amendment violation, he has not shown error in connection with the district court's qualified immunity determination. *See Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 223 (5th Cir. 1999).

Finally, McCoy argues that the district court abused its discretion in "ignoring" his motions to compel discovery related to prison policies for the treatment of hypoglycemia. Because McCoy relies on vague assertions regarding the need for additional discovery, he has failed to show that the district court abused its discretion in denying his motions to compel. *See Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991).

This appeal lacks arguable merit and is, therefore, frivolous. *See Howard*, 707 F.2d at 220. McCoy's motion to proceed IFP is DENIED, and we DISMISS his appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. McCoy's motion for the appointment of counsel is also

No. 19-10789

DENIED as this case does not present exceptional circumstances warranting the appointment of counsel. *See Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

The dismissal of this appeal as frivolous counts as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015). McCoy is WARNED that if he accumulates two additional strikes, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).