# United States Court of Appeals
# for the Fifth Circuit

---

No. 19-40106
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2020

Lyle W. Cayce
Clerk

Demarcus Chatmon,

*Plaintiff—Appellant*,

*versus*

City of La Marque, Texas; Richard Price; Mike Keleman; Jose Santos; Taser International, Incorporated,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:18-CV-163

---

Before Clement, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Demarcus Chatmon, Texas prisoner # 2277172, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint in which he alleged that he was beaten and denied medical

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

attention by local police officers during a 2014 traffic stop. The district court determined that the § 1983 complaint was barred by the applicable statute of limitations and that Chatmon could not use this action to challenge the dismissal of a prior § 1983 complaint. The district court further found that, to the extent Chatmon's action could be construed as requesting relief pursuant to Federal Rule of Civil Procedure Rule 60, he was not entitled to such relief. Resultingly, the district court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

Chatmon's motion for leave to file a supplemental brief is GRANTED.

By moving to appeal IFP, Chatmon challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). His IFP request "must be directed solely to the trial court's reasons for the certification decision," *id.*, and our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation and citation omitted). We may dismiss the appeal if it is apparent that it would be meritless. *Baugh*, 117 F.3d at 202 & n.24; *see* 5TH CIR. R. 42.2.

Chatmon does not challenge the district court's determination that his claims were time barred. Nor does he present any argument concerning the district court's conclusions that he could not use this action to appeal a prior dismissal and that he was not entitled to relief under Federal Rule of Civil Procedure 60. By failing to address the district court's reason for dismissal and certification, he has abandoned any issue crucial to his appeal and IFP motion. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Chatmon's contentions regarding the withholding of

exculpatory evidence, insufficient evidence to support his plea, and the suppression of certain unspecified evidence are all raised for the first time on appeal and therefore will not be considered. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Because Chatmon fails to show that his appeal involves any nonfrivolous issue, his motion for leave to proceed IFP is DENIED, and this appeal is DISMISSED AS FRIVOLOUS. *See Howard*, 707 F.2d at 220; *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. His motion for leave to file a supplemental brief is GRANTED, and his motion for the appointment of counsel is DENIED. *See Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

The district court's dismissal of Chatmon's § 1983 complaint as frivolous and our dismissal of this appeal as frivolous both count as strikes for purposes of § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman*, 135 S. Ct. at 1762-63. Chatmon is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).