# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2020

Lyle W. Cayce
Clerk

No. 20-20457

Jammie L. Jones,

*Plaintiff—Appellant*,

*versus*

Ed Gonzales; Kim Ogg,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-1864

Before Dennis, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Jammie L. Jones, (# 01893875), while detained in the Harris County Jail, filed a 42 U.S.C. § 1983 civil rights complaint, alleging, inter alia, that the defendants, a sheriff and a district attorney, placed his life in danger, in light of the COVID-19 pandemic, by refusing to release him on bond or on reduced bond because he had been charged with aggravated sexual assault.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20457

The district court dismissed Jones's complaint pursuant to 28 U.S.C. § 1915A and denied Jones leave to proceed in forma pauperis (IFP) on appeal. Jones now moves this court for leave to proceed IFP on appeal and for the appointment of counsel.

By seeking leave to proceed IFP in this court, Jones is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). To obtain IFP status, Jones must demonstrate financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Jones has demonstrated his financial eligibility. *See id.* However, he has not shown a nonfrivolous appellate issue concerning the district court's dismissal of his claim that the defendants placed his life in danger by refusing to release him from jail. *See* Tex. Code Crim. Proc. art. 17.03(b)(1)(B)-(C). To the extent that Jones raised any other claims in his § 1983 complaint, he has abandoned them, *see Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993), and thus has shown no nonfrivolous appellate issue, *see Carson*, 689 F.2d at 586.

Accordingly, we DENY the motion to proceed IFP on appeal and DISMISS Jones's appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5th Cir. R. 42.2. Jones's motion for the appointment of counsel is likewise DENIED. *See Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991). Our dismissal and the district court's dismissal count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015). Jones is CAUTIONED that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).