# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 17, 2021

Lyle W. Cayce
Clerk

No. 20-50410
Summary Calendar

Jammie L. Jones,

*Plaintiff—Appellant*,

*versus*

Texas Department of Child Protective Services,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-307

Before Southwick, Graves, and Costa, *Circuit Judges*.

Per Curiam:*

Jammie L. Jones, while detained in the Harris County Jail (# 01893875), filed a pro se 42 U.S.C. § 1983 civil rights complaint, alleging that the Texas Department of Child Protective Services violated his constitutional rights by placing his biological child in the custody of a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50410

guardian without giving him notice and an opportunity to be heard and by failing to follow its own rules and regulations before terminating his parental rights. The district court determined that Jones's complaint was barred by the statute of limitations, dismissed the complaint pursuant 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted, and denied Jones leave to proceed in forma pauperis (IFP) on appeal based on a finding that his appeal was not taken in good faith.

Jones now moves this court for leave to proceed IFP on appeal and for the appointment of counsel. By seeking leave to proceed IFP, Jones is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

To obtain IFP status, Jones must demonstrate financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Although Jones has demonstrated his financial eligibility, *see id.*, he has not shown a nonfrivolous appellate issue concerning the district court's dismissal of his complaint, *see Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Accordingly, we DENY the motion to proceed IFP on appeal and DISMISS Jones's appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Jones's motion for the appointment of counsel is likewise DENIED. *See Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991). Our dismissal and the district court's dismissal count as strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534-40 (2015). Jones has previously accumulated two strikes. *See Jones v. Gonzales*, 831 F. App'x 146, 147 (5th Cir. 2020). Jones is thus BARRED from proceeding IFP in any civil action or appeal filed while he is

No. 20-50410

incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).