# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2023

Lyle W. Cayce
Clerk

———————————

No. 23-40254
Summary Calendar

———————————

Daniel Neal Martin,

*Plaintiff—Appellant*,

*versus*

Live Oak County Jail; Live Oak County Sheriffs
Department; Cara Kay Joiner Barton; Maurice
Chambers; Daniel Coban Barton, *also known as* Daniel
Forrest Coban Joiner Bart; Sheriff Larry Busby; Chief
Deputy Charlie Stroleny; Captain Misty Gonzalez;
Corporal Vasquez; Jailer Perry, *also known as* Corporal
Perry,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:22-CV-156

———————————————————————

Before Jolly, Engelhardt, and Douglas, *Circuit Judges*.

Per Curiam:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40254

Daniel Neal Martin, Live Oak County Jail prisoner # 26884, appeals the dismissal of his 42 U.S.C. § 1983 suit as either frivolous or for failure to state a claim upon which relief may be granted, or both, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  He also moves for appointment of counsel.

We review de novo a dismissal by a district court as either frivolous or for failure to state a claim, or both, under §§ 1915(e)(2)(B) and 1915A(b)(1). *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  To determine whether an action states a claim on which relief may be granted, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  "A complaint is frivolous if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (internal quotation marks and citation omitted).

Martin first claims the district court erred in dismissing his First Amendment claim as either frivolous or for failure to state a claim, or both. However, Martin has not alleged, either here or in the district court, that he expressed himself toward Corporal Vasquez in a manner that was consistent with his status as a prisoner. *See Hudson v. Palmer*, 468 U.S. 517, 523 (1984); *Bell v. Wolfish*, 441 U.S. 520, 545 (1979).  Thus, the district court did not err in dismissing this claim. *See Iqbal*, 556 U.S. at 678; *Berry*, 192 F.3d at 507.

Next, Martin claims the district court erred in dismissing his excessive force claim against the defendants.  At most, he suggests that Corporal Vasquez's use of pepper spray posed an even greater risk of bodily injury because Martin had COVID-19 at the time of the incident. Because he offers only a conclusional assertion in this regard and does not challenge meaningfully the district court's reasons for dismissal, Martin has not demonstrated that the district court erred in dismissing the excessive force

2

claim as either frivolous or for failure to state a claim, or both. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015); *Iqbal*, 556 U.S. at 678; *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 278 (5th Cir. 2001); *Berry*, 192 F.3d at 507.

Martin also argues the district court erred in dismissing his conditions-of-confinement claims, including denial of recreation privileges and denial of medical treatment. However, he has waived these arguments by providing no meaningful argument or challenge to the district court's reasons for dismissing these claims. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Similarly, by failing to challenge the district court's dismissal of his supervisory liability claims and those claims against the defendants in their official capacities, he has abandoned them. *See Brinkmann*, 813 F.2d at 748. And while Martin purports to raise a claim of discrimination, we will not consider it because Martin did not raise this claim in the suit forming the basis of this appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999); *Yohey*, 985 F.2d at 224-25; *see also Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

As to Martin's argument that he has been denied bond hearings in violation of his civil rights, given that any issue related to his bond would implicate his state criminal case, rather than the instant civil matter, the district court did not err in declining to review the issue. *See* 28 U.S.C. §§ 2241, 2254; Tex. Code Crim. Proc. art. 17, *et seq*. Nor did the district court err in denying Martin's request for injunctive relief in the form of a policy prohibiting the use of "respiratory irritants" on COVID-positive prisoners, as he failed to make the requisite showing for such relief. *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009).

The judgment of the district court is AFFIRMED, and Martin's motion for appointment of counsel is DENIED. *See Cooper v. Sheriff,*

*Lubbock Cnty.*, 929 F.2d 1078, 1084 (5th Cir. 1991). The district court's dismissal of Martin's complaint under § 1915(e)(2)(B) as either frivolous or for failure to state a claim, or both, counts as a single strike under § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534-41 (2015). Martin previously accumulated one strike for the dismissal of a prior suit as frivolous or for failure to state a claim, or both. *See Martin v. Busby*, No. 22-40725, 2023 WL 4983234, 1 (5th Cir. Aug. 3, 2023) (unpublished). Accordingly, Martin is WARNED that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).